UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. MCKELVEY,

    Plaintiff,

  v.                                             No. 5:07-CV-14538
                                                 HON. JOHN CORBETT O'MEARA
PETE GEREN,                          Magistrate Judge Mona K. Majzoub
SECRETARY OF THE ARMY,

    Defendant
_____/

**DEFENDANT'S REPLY BRIEF**

Plaintiff does not deny that the claims in Count I are untimely or that equitable tolling is not warranted in his case. Instead, he argues that defendant waived his non-exhaustion defense because the EEO investigator completed a Report of Investigation on August 24, 2007. (Pl's Brief at p. 14). Plaintiff's argument is wrong as a matter of law. Waiver does not apply in this case because the Army never issued a final decision on the merits. *See* 29 C.F.R. §1614.110. The Report of Investigation was a summary of the evidence that was obtained from witnesses and exhibits. It did not contain any legal conclusions regarding the merits of the plaintiff's discrimination complaint.[1] The report did however indicate that plaintiff waited "almost ten months before he contacted the EEO office" regarding his allegation that defendant failed to accommodate him in February or March 2006. (Pl's Exh. 13. p.7). Thus, if the Army had written a final decision on the merits, there would have been sufficient evidence in the Report of Investigation to dismiss the plaintiff's accommodation claim as untimely. Because a decision on the merits was never issued, defendant

---

[1] It is inappropriate for an EEO investigator to make or recommend a finding of discrimination. See Equal Employment Opportunity Commission's Management Directive 110, Chapter 6, Section IV B.

did not waive the non-exhaustion defense. *Horton v. Potter,* 369 F.3d 906, 911 (6th Cir. 2004).

Defendant is also entitled to summary judgment because plaintiff has not established a failure to accommodate claim as a matter of law. Plaintiff was able to perform 80 percent of his job duties without a computer. Plaintiff does not dispute the fact that Parks asked him to perform very little work on the computer. (Ex. 21, p. 29). Nor does plaintiff claim that his work was adversely impacted because he did not have a laptop. Plaintiff did not produced any medical documentation for Parks to consider when he asked for the accommodation. He made no effort to identify a computer in the catalog given to him by Parks. The evidence fails to demonstrate that without the requested accommodation, plaintiff was unable to perform the essential functions of his job. Therefore, defendant is entitled to summary judgment as to Count I.

Defendant is also entitled to summary judgment as to the claims in Count II of the complaint. Plaintiff's hostile work environment claim should only include those matters that were raised in his EEO complaint and the EEO investigation. In an effort to bolster his hostile work environment claim, plaintiff alleged that he was subject to regular verbal abuse by Mr. Parks and Mr. Spaulding. (Pl's Brief, pp. 19-20). These allegations were raised for the first time in the plaintiff's judicial complaint. Plaintiff never claimed in his EEO complaint or during the EEO investigation that Mr. Parks or Mr. Spaulding referred to him as "cripple" or "crip." Plaintiff acknowledges that his administrative EEO complaint did not contain any claims involving the use of "cripple" or "crip" in his workplace. (Pl's Brief, p. 16). The EEO investigator specifically noted in his report that plaintiff was unwilling to participate in the investigation process and "did not respond when he was

asked to provide rebuttal testimony." (Pl's Ex. 13. p. 3). The investigator indicated that the "Complainant's attorney stated that Complainant's case was sufficiently stated in the record, and as such, Complainant would not be participating in an on-site investigation." *Id.* Plaintiff provided a declaration. However, when the case was at the investigation stage, plaintiff did not provide specific information regarding the claims that he now makes against Mr. Parks and Mr. Spaulding. Inasmuch as plaintiff failed to make a good-faith attempt to comply with the investigator's requests for information he should be precluded from adding new allegations as part of his judicial complaint.

Even if the court includes the new allegations defendant is still entitled to summary judgment because plaintiff's evidence does not establish actionable harassment sufficient to support a hostile work environment claim. Most of the plaintiff's complaints are based upon his perception that Mr. Parks treated Mr. Spaulding better than the other employees because the two were friends. (Def's Brief, p. 15). Although the plaintiff claims that he was subjected to regular name calling he could only cite three specific examples over the course of a nine month period. (Def's Brief, p. 8). The second-hand comments that were allegedly made about plaintiff when he was not present, may be considered by the court when evaluating his claim. However, this evidence when considered with the totality of the circumstances in this case, does not rise to the level sufficient to establish a hostile work environment as a matter of law. *See Ladd v.Grand Trunk Western Railroad Inc.*, 552 F.3d 495, 501 (6th Cir. 2009) (summary judgment affirmed where plaintiff alleged that she was subject to derogatory sex-based comments on a daily basis, but could not provide specific examples); *Clay v. United Parcel Service*, 501 F.3d 695, 707-708 (6th Cir. 2007)(summary judgment affirmed finding

that the fifteen incidents of harassment cited by plaintiff were not severe or pervasive enough to establish a hostile work environment); *Clark v. United Parcel Service*, 400 F.3d 341, 351-353 (6th Cir. 2005) (The harassment should be ongoing rather than a set of isolated or sporadic incidents").

Finally, plaintiff has failed to produce evidence of retaliation or a constructive discharge. Plaintiff claims that he resigned from the Army because he did not feel welcome. He argues that his subjective feelings of isolation, humiliation and his sense of dejection caused him to resign from the Army. (Pl's brief, p. 22). Plaintiff argues that no reasonable person would have remained employed with people who regarded him as "the cripple" and resented him for having a handicapped parking space. *Id.* Plaintiff subjectively felt that his successful evaluation was "the kiss of death" (Pl's brief, p. 23). As previously noted, plaintiff's perception of forced resignation is judged objectively without consideration of any undue sensitivities. Plaintiff' has not identified any aggravating factors in this case as a matter of law. The things that made plaintiff feel unwelcome are not the types of factors that the court generally considers as intolerable working conditions. Yates v. AVC Corp., 819 F.2d 630, 636-638 (6th Cir. 1987). Plaintiff does not dispute that prior to his resignation Mr. Parks tried to befriend him and include him in more activities. Although he did not like his successful evaluation, it was certainly much better than receiving an unacceptable rating. Plaintiff admits that no one called him a derogatory name after December 2006. Plaintiff has not shown that

4

he was given the evaluation rating by Mr. Graves because of his disability or the fact that he had filed a discrimination claim. Plaintiff has not produced any evidence of pretext in this case as required by the *McDonnell Douglas* legal analysis. Indeed, Plaintiff does not address any of the legitimate nondiscriminatory reasons proffered by Defendant. Plaintiff has not identified any specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e). He has also failed to come forward with significant probative evidence of disability discrimination or retaliation. Therefore, defendant is entitled to summary judgment.

        Respectfully submitted,

        TERRENCE BERG
        ACTING UNITED STATES ATTORNEY


        s/Vanessa Miree Mays
        VANESSA MIREE MAYS (P34725)
        Assistant U.S. Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226-3211
        Phone: (313) 226-9762
        E-mail: vanessa.mays@usdoj.gov

Dated: March 6, 2009

Of Counsel

R. Brian Bohlen
Litigation Attorney
Civilian Personnel Litigation Branch
U.S. Army Litigation Division
901 N. Stuart St., Suite 446
Arlington, VA 22203-1837
Phone: (703) 696-3958
E-mail: Richard.Bohlen@hqda.army.mil

## **CERTIFICATION OF SERVICE**

I hereby certify that on March 6, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Kevin M. Carlson
>117 W. Fourth Street
>Suite 200
>Royal Oak, MI 48067-3848

>>s/Vanessa Miree Mays
>>VANESSA MIREE MAYS
>>Assistant U.S. Attorney
>>211 W. Fort Street, Suite 2001
>>Detroit, MI 48226-3211
>>Phone: (313) 226-9762
>>E-mail: vanessa.mays@usdoj.gov
>>P34725