UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. MCKELVEY,

       Plaintiff,

Case No. 07-14538

Honorable John Corbett O'Meara

v.

PETE GEREN, SECRETARY OF THE ARMY,

       Defendant.
       _____/

### ORDER REGARDING MOTIONS IN LIMINE

Before the court are several motions in limine filed in advance of trial. The court will dispose of the following motions here: (1) Defendant's motion to strike the affidavit and expert report of Gerald Shiener, M.D., filed September 11, 2009; (2) Defendant's motion to exclude anticipated testimony of Gerald Shiener, M.D., filed September 18, 2009; and (3) Defendant's motion to exclude evidence of front pay, filed August 18, 2009. Pursuant to L.R. 7.1(e)(2), the court did not hear oral argument.

### BACKGROUND FACTS

Plaintiff James McKelvey alleges that while employed by the United States Army, he suffered discrimination, retaliation, and constructive discharge based upon his disability. McKelvey worked as a Chemical, Biological, Radiological, Nuclear, and Explosive ("CBRNE") Operations Specialist in the Directorate for Plans, Training, Mobilization and Security ("DPTMS") at the United States Army Garrison – Detroit Arsenal. After about a year on the job, McKelvey submitted his resignation on February 16, 2007, effective March 2, 2007. McKelvey then took a position with

Oakland County as an Emergency Response & Preparedness Regional Solution Area Planner. He filed this action on October 24, 2007.

On August 5, 2009, Defendant extended an unconditional offer to reinstate McKelvey to a permanent CBRNE Operations Specialist position at the Detroit Arsenal, with a starting salary of $71,416. See Def.'s Ex. 3. McKelvey's salary at the time of his resignation was $58,991. In lieu of employment at the Detroit Arsenal, Defendant also offered a "comparable . . . position at another Army installation" with paid relocation expenses. Id. McKelvey rejected these offers on August 10, 2009.

Based upon Plaintiff's rejection of the unconditional offer of reinstatement, Defendant filed a motion to exclude evidence of front pay on August 18, 2009. In response to that motion, Plaintiff an affidavit and supplemental expert report from Gerald Shiener, M.D. Dr. Shiener conducted an initial psychiatric evaluation of Plaintiff on April 19, 2007. He conducted a second evaluation on August 18, 2009, and provided supplemental reports on September 4 and 17, 2009. Dr. Shiener opines in his supplemental reports that, if Plaintiff were to return to the Detroit Arsenal, his psychiatric condition (anxiety and depression) would deteriorate. Thus, according to Dr. Shiener, Plaintiff's rejection of the reinstatement offer is reasonable.

Defendant seeks to exclude Dr. Shiener's supplemental opinions, contending that they are untimely.

## LAW AND ANALYSIS

**I.      Plaintiff's Expert Reports**

Fed. R. Civ. P. 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as

2

>required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. . . .

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn., 388 F.3d 976, 983 (6th Cir. 2004) (citation omitted).

Defendant offered Plaintiff reinstatement on August 5, 2009, after discovery closed and the court ruled on dispositive motions. At the time, this case was scheduled for the September 2009 trailing trial docket. Given the timing of Defendant's offer, it is appropriate to allow Plaintiff a reasonable opportunity to respond with a supplemental expert opinion. Plaintiff had no reason to present expert opinion on the feasibility of reinstatement when such an offer was not forthcoming during the nearly two years this litigation has been pending. In the court's view, Plaintiff has appropriately supplemented his expert disclosures pursuant to Rule 26(e), as opposed to failing to disclose pursuant to Rule 37(c)(1).

Further, the court notes that Defendant had the opportunity to depose Dr. Shiener after receiving his supplemental reports. Therefore, Plaintiff's disclosure of Dr. Shiener's supplemental reports was not only justified, but also harmless. Accordingly, the court will not exclude Dr. Shiener's supplemental opinions as untimely.[1]

**II.   Front Pay**

Defendant also seeks to exclude Plaintiff's evidence regarding front pay because Plaintiff rejected Defendant's offer of reinstatement. When a plaintiff rejects an unconditional offer of reinstatement, the continuing accrual of backpay liability and front pay is tolled. See Ford Motor

---

[1] The court is not ruling on the admissibility of Dr. Shiener's substantive opinions here.

Co. v. EEOC, 458 U.S. 219, 231-32 (1982) (a plaintiff forfeits his right to backpay as of the date he refuses a job substantially equivalent to the one he was denied); Morvay v. Maghielse Tool & Die Co., 708 F.2d 229, 231-32 (6th Cir. 1983).  However, if a plaintiff reasonably rejects an offer of reinstatement, then the offer does not terminate the accrual of backpay damages. See Fiedler v. Indianhead Truck Line, Inc. 670 F.2d 806, 808 (1st Cir. 1982).  "Generally, it is the duty of the trier of fact to weigh the evidence to determine whether a reasonable person would refuse the offer of reinstatement." Id.

Defendant has offered Plaintiff unconditional reinstatement to his former job at an increased rate of pay.  Plaintiff's rejection of this otherwise attractive offer is based upon his concern that he would be again subject to a hostile work environment.  Defendant provides persuasive reasons why a hostile work environment would no longer exist, including changes in personnel.  However, Dr. Shiener has opined that reinstatement would not be good for Plaintiff's mental health.  Although Defendant disputes the credibility of Dr. Shiener's assessment, that is an issue for the trier of fact to determine.

As to the offer of relocation, Defendant has presented no case law suggesting that the rejection of a similar position in another state is unreasonable as a matter of law.  Viewing the evidence in the light most favorable to Plaintiff, the court finds that whether a reasonable person would have refused Defendant's offer of reinstatement is for the trier of fact.  Defendant may, of course, raise the issue again in a Rule 50 motion, after all the evidence has been presented at trial.

Defendant also contends that Plaintiff's evidence of long-term front pay is speculative.  The court will rule upon Defendant's objections in the context of the evidence as it comes in at trial.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion in limine to exclude evidence of front pay [docket # 34] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion to strike the affidavit and supplemental report of Gerald Shiener, M.D., [docket # 52] and Defendant's motion to exclude anticipated testimony of Gerald Shiener, M.D., [docket # 58] are DENIED.

> s/John Corbett O'Meara
> United States District Judge

Date:  October 7, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 7, 2009, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager