UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. MCKELVEY,

       Plaintiff,

v.

PETE GEREN, SECRETARY OF THE ARMY,

       Defendant.
                                                 /

Case No. 07-14538

Honorable John Corbett O'Meara

## **ORDER REGARDING MOTIONS IN LIMINE**

Before the court are five motions in limine: (1) Defendant's motion to exclude testimony of events unrelated to Plaintiff's employment, filed August 26, 2009; (2) Defendant's motion to exclude evidence of statements made by unidentified third parties, filed August 18, 2009; (3) Defendant's motion to exclude testimony involving Elizabeth Fourtney, filed August 18, 2009; (4) Defendant's motion to exclude Michael Bouchard, Robert Ancell, and Vicky Davis, filed August 25, 2009; and (5) Plaintiff's motion to exclude evidence regarding collateral sources of income, filed September 15, 2009.

### **I.**    **Motion to Exclude Testimony of Events Unrelated to Plaintiff's Employment**

This case involves Plaintiff's claim that he suffered disability discrimination while employed by Defendant. Plaintiff intends to offer evidence at trial regarding his military service, the circumstances surrounding the injuries that caused him to become disabled, the recovery and rehabilitation related to his injuries, and the daily limitations he experiences because of his injuries. Defendant objects, contending that such evidence is irrelevant and more prejudicial than probative. The court shares Defendant's concern that, as Plaintiff concedes, "the jury will seek to reward

Plaintiff for his service to his country and will disregard other evidence in the case." Pl.'s Br. at 6. The court cautions it will not allow Plaintiff to delve extensively into his military service, how he was injured, his recovery and rehabilitation, and his daily limitations, particularly in light of the fact that Defendant does not dispute that he is disabled. The court cannot rule on the specific contours of Plaintiff's testimony in this regard, however, outside of the context of trial. Accordingly, the court will deny Defendant's motion without prejudice.

## II.   Motion to Exclude Evidence of Statements Made by Unidentified Third Parties

Defendant seeks to exclude statements heard by Captain Brian Kirby and Major Philip Rusiecki that unidentified persons at Plaintiff's workplace referred to him as "cripple." The court will also deny this motion without prejudice, to be addressed in the context of the evidence at trial.

## III.   Motion to Exclude Testimony Involving Elizabeth Fourtney

Elizabeth Fourtney will likely testify at trial, among other things, that Alan Parks referred to Plaintiff as "the cripple," "worthless," and "good for nothing." Defendant seeks to exclude Fourtney's testimony because McKelvey was unaware of Parks's comments to her while he was employed with Defendant. According to Defendant, Fourtney's testimony is irrelevant. Contrary to Defendant's argument, however, Fourtney's testimony is relevant. For example, Fourtney's testimony corroborates McKelvey's testimony that he was called "cripple" on a regular basis at work. Morever, Fourtney's testimony could serve to impeach Parks if he denies making such statements. Having no basis to exclude Fourtney's testimony, the court will deny Defendant's motion.

## IV.   Motion to Exclude Michael Bouchard, Robert Ancell, and Vicky Davis

Defendant seeks to exclude the testimony of Michael Bouchard, Robert Ancell, and Vicky Davis, because these witnesses were not disclosed in a timely manner by Plaintiff. Plaintiff contends

that these witnesses will provide testimony relevant to Plaintiff's mitigation efforts, an issue which Plaintiff asserts was recently raised by Defendant in August. The court is unlikely to allow Plaintiff to present witnesses at trial who should have been identified in a timely manner. The court will assess the timeliness of Plaintiff's disclosure and the potential prejudice to Defendant in the context of the evidence as it arises at trial. Accordingly, the court will deny Defendant's motion without prejudice.

**V.     Plaintiff's Motion to Exclude Evidence regarding Collateral Sources of Income**

Plaintiff seeks to exclude evidence regarding collateral sources of income, such as veterans' disability benefits and military retirement benefits. Defendant contends that such evidence is relevant in light of Plaintiff's intent to introduce evidence of his combat injury, rehabilitation, and extent of his disability. The court does not intend to allow Plaintiff to present extensive evidence on these topics, as noted above. It does not appear that evidence regarding Plaintiff's disability and retirement benefits is relevant here; further, such evidence would be more unfairly prejudicial than probative. Accordingly, the court will grant Plaintiff's motion.

**ORDER**

IT IS HEREBY ORDERED that Defendant's motion to exclude testimony regarding events unrelated to Plaintiff's employment [docket #40] is DENIED WITHOUT PREJUDICE;

Defendant's motion to exclude evidence of statements made by unidentified third parties [docket #35] is DENIED WITHOUT PREJUDICE;

Defendant's motion to exclude testimony involving Elizabeth Fourtney [docket #36] is DENIED;

Defendant's motion to exclude Michael Bouchard, Robert Ancell, and Vicky Davis [docket

#39] is DENIED WITHOUT PREJUDICE; and

Plaintiff's motion to exclude evidence regarding collateral sources of income [docket #55] is GRANTED.

SO ORDERED.

> s/John Corbett O'Meara
> United States District Judge

Date:  October 9, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 9, 2009, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager