UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. McKELVEY,

    Plaintiff,

v.

Case No. 07-14538

Hon. John Corbett O'Meara

JOHN McHUGH, Secretary
of the Army,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Before the court is Plaintiff's motion for attorneys' fees, which has been fully briefed. The court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff, James McKelvey, filed this action against his former employer, the United States Army, alleging disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. On October 23, 2009, a jury returned a verdict in favor of McKelvey, finding that he suffered a hostile work environment and was constructively discharged from his employment. The jury awarded McKelvey $4,388,302 in front pay.

Defendant filed a motion for judgment as a matter of law, arguing that McKelvey was not constructively discharged. The court agreed and entered judgment in favor of Defendant; the court further stated that even if McKelvey was constructively discharged, the preferred remedy was reinstatement, not front pay. McKelvey appealed. The Sixth Circuit determined that the evidence supported the jury's verdict on constructive discharge. The Sixth Circuit affirmed,

however, the court's determination that reinstatement was the appropriate remedy. After the Sixth Circuit issued its mandate, the parties settled the issues of reinstatement and back pay as of December 28, 2012. The parties did not resolve the issue of attorneys' fees and costs, which is now before the court.

## LAW AND ANALYSIS

**I.  Attorneys' Fees**

The Rehabilitation Act provides: "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). A reasonable attorney's fee award is one that is "adequate to attract competent counsel" but does not "produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886, 893-94 (1984). Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation," known as the "lodestar" amount. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may

reduce the award accordingly." Hensley, 461 U.S. at 433. The Hensley court also explained:

> The district court also should exclude from this initial fee calculation hours that were not reasonably expended. Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

Hensley, 461 U.S. at 434 (citations omitted).

Once the court has determined the lodestar amount, the court must consider whether that amount should be adjusted upward or downward to reflect factors such as the "results obtained" in the case. Id. (citing Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974)). The court may also consider the factors identified in Johnson, but the Supreme Court has noted that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 n.9.[1]

    **A.**    **Reasonably Expended Hours**

Plaintiff seeks fees for five attorneys who worked on this matter: Geoffrey Fieger and Todd Weglarz, both with Fieger, Fieger, Kenney, Giroux & Danzig, P.C., and Joseph Golden,

---

[1] The twelve factors outlined in Johnson are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Hensley, 461 U.S. at 430 n.3.

Kevin Carlson, and Beth Rivers, with Pitt, McGehee, Palmer, Rivers & Golden, P.C. It appears that Plaintiff approached the Fieger firm, who brought in the Pitt McGehee firm for its employment litigation expertise. Fieger, Weglarz, Golden, and Carlson are listed as counsel of record on the court's docket. A review of the billing records demonstrates that the bulk of the work on this matter was performed by Golden (460 hours) and Carlson (375 hours). Given the work involved in the motion practice, trial, and appeal, the court finds the hours claimed by Golden, Carlson, and Rivers (4.25 hours) to be reasonable.

Once Golden and Carlson became involved, the records demonstrate that Fieger and Weglarz's role was largely supervisory, "reviewing" matters and engaging in telephone conferences. Although this type of arrangement may make sense for those involved, this duplication of effort may not be compensated through a fee petition. Accordingly, the court will reduce the hours claimed by Fieger and Weglarz significantly, disallowing all time spent on the matter after June 2008 as a duplication of the effort expended by Golden and Carlson.

Through June 2008, Weglarz spent 20 hours on this matter, including 4.6 hours for "meet client/press conference." The court will deduct this time as not compensable, for a total of 15.4 hours for Weglarz. See Gratz v. Bollinger, 353 F. Supp.2d 929, 940-42 (E.D. Mich. 2005). During the same time period, Fieger spent 14.8 hours on this matter, including 2.5 hours for a press conference, which will be deducted, for a total of 12.3 hours.

### B.  Reasonable Hourly Rates

The court will next determine the reasonable hourly rate for each attorney. Plaintiff seeks an hourly rate of $450 for Golden, $250 for Carlson, $350 for Rivers, $250 for Weglarz, and $1,000 for Fieger. As a starting point to determine the prevailing market rate, the court

refers to the 2010 State Bar of Michigan Economics of Law Practice Report. See Pl.'s Ex. 7; Def's Ex. 6. According to the report, the mean rate for an attorney with more than thirty-five years of experience is $265, the seventy-fifth percentile is $315, and the ninety-fifth percentile is $460; the mean rate for an attorney with sixteen to twenty-five years of experience is $255, the seventy-fifth percentile is $300, and the ninety-fifth percentile is $450. For attorneys with six to ten years of experience, the mean rate is $205, the seventy-fifth percentile is $240, and the ninety-fifth percentile is $300. For attorneys specializing in plaintiff's employment litigation, the mean is $256, seventy-fifth percentile is $300, and ninety-fifth percentile is $400.

In light of the experience of the attorneys involved, their work product, the court's experience in similar cases, and the State Bar survey, the court finds that the following are reasonable hourly rates: Golden, $350; Carlson, $200; Rivers, $300; Weglarz, $200; and Fieger, $350. Accordingly, the "lodestar" amount for each attorney is as follows:

| | | |
|---|---|---|
| Golden | $350 x 460 hours | = $161,000 |
| Carlson | $200 x 375 hours | = $ 75,000 |
| Rivers | $300 x 4.25 hours | = $ 1,275 |
| Weglarz | $200 x 15.4 hours | = $ 3,080 |
| Fieger | $350 x 12.3 hours | = $ 4,305 |
| TOTAL | | $244,660 |

C. **Adjustment to Lodestar**

Defendant argues that the lodestar amount should be adjusted downward to reflect Plaintiff's "limited degree of success." Although Plaintiff did not prevail on each of his theories

of recovery, he did obtain reinstatement and back pay based on a finding of constructive discharge on appeal.  Because Plaintiff's success was not nominal or *de minimus*, the court does not find it appropriate to reduce the lodestar to reflect Plaintiff's limited degree of success.  See Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1169 (6th Cir. 1996) (holding that "a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised").

Defendant also requests that the court take into account that Plaintiff rejected a more favorable settlement offer prior to trial (unconditional reinstatement and $300,000) than he received after the conclusion of the case (reinstatement and about $60,000 in back pay).  See Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2001).  "Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees. . . . Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation."  Id.  Plaintiff incurred the bulk of his fees after he rejected a settlement offer more favorable than the ultimate result in this matter.  Further, the court cannot conclude that Plaintiff's demand of millions of dollars in front pay and rejection of the presumptive remedy of reinstatement was a reasonable position to take, particularly in light of the relevant legal authority and the facts of this case.  See Docket No. 87 (order granting judgment as a matter of law) at 8-11; Docket No. 110 (Sixth Circuit opinion) at 8-10.  Accordingly, the court finds that a fee reduction of 50% is appropriate, for a total of $122,330.

**II.     Costs**

Plaintiff also seeks $44,929.71 in costs pursuant to Rule 54(d) and 28 U.S.C. § 1920.  See also 29 U.S.C. § 794a(a)(1); 42 U.S.C. § 2000e-5(k) (the court may award prevailing party

expert fees under Rehabilitation Act).  Based upon the documentation provided, however, the court is unable to determine whether the costs claimed were reasonably necessary.  See Bell v. Prefix, Inc., 784 F. Supp.2d 778, 791-92 (E.D. Mich. 2011); King v. Gowdy, 268 Fed. Appx. 389 (6th Cir. 2008).   Further, Plaintiff has sought telephone, facsimile, parking, postage, and attorney mileage reimbursement, which are not taxable pursuant to 28 U.S.C. § 1920.  Should Plaintiff file a properly documented and legally supported bill of costs, the court will consider it.  See Bill of Costs Handbook (available on the court's website).  At this time, however, Plaintiff's request for costs is denied.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees and costs is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

                                               s/John Corbett O'Meara
                                               United States District Judge

Date:  February 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 26, 2013, using the ECF system.

                                               s/William Barkholz
                                               Case Manager